**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

MICHAEL EVANS,

        Petitioner,

v.                                                                                   Case No. 08-13469

C. EICHENLAUB,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING MOTION TO EXPEDITE AND MOTION TO APPOINT COUNSEL**

**I. INTRODUCTION**

Petitioner Michael Evans is an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). He has filed a motion for appointment of counsel, a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241, and a motion for an expedited ruling on his habeas petition. Petitioner has been convicted in the United States District Court for the Western District of Missouri of unlawful receipt, possession, and transfer of an unregistered firearm. *See* 26 U.S.C. §§ 5861(d) and (e). He is serving a sentence of thirty-seven months in prison.

Petitioner alleges that, earlier this year, the Federal Bureau of Prisons failed to provide medical care after he suffered a heart attack. Petitioner also contends that the Bureau of Prisons has failed to provide him with adequate medical care for cluster migraine headaches, osteoarthritis in the hip, and plantar fasciitis in the right foot. He claims that these omissions amount to deliberate indifference to serious medical needs.

He seeks an order compelling the Bureau of Prisons to transfer him to a medical facility or to a residential re-entry center where he can obtain his own medical treatment.

## II. DISCUSSION

Prisoners are entitled to adequate medical care, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but an allegation that a prisoner is being denied medical care is a challenge to the conditions of prison life. The proper remedy for a challenge to the conditions of confinement is a civil rights complaint. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." *Id.* (internal citations omitted).

Petitioner is alleging deliberate indifference to serious medical needs, not additional and unconstitutional restraints on the fact or duration of confinement. His challenge to the conditions of confinement is improper in a habeas corpus petition, which is reserved for a challenge to the very fact or duration of physical imprisonment. *Id.* at 500. Although federal prisoners may use a habeas corpus petition under § 2241 to challenge the execution or manner in which their sentences are served, *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999), a prisoner's request for a transfer to a different prison facility for the purpose of medical treatment is incorrectly brought under § 2241. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Because Petitioner's constitutional claims merely challenge the conditions of his confinement, his claims fall outside the core of habeas corpus and should be brought in

a civil rights complaint. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Muhammad v. Close,* 540 U.S. 749, 750 (2004) (*per curiam*), and *Preiser,* 411 U.S. at 498-499). Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED. This dismissal is without prejudice to Petitioner's right to raise his claim in a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Of course, he must exhaust administrative remedies for his claim, 42 U.S.C. § 1997e(a), and submit the filing fee of $350.00 or an application for leave to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(a)(2) and (b)(1) and (2).

Petitioner's motion to expedite the court's ruling [Dkt. # 5] is DENIED AS MOOT. His motion for appointment of counsel [Dkt. # 3] is also DENIED, because the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B).

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 29, 2008

---

[1] The Supreme Court held in *Bivens* that a federal agent's unconstitutional conduct while acting under color of his authority gives rise to a cause of action for damages. *Bivens* "claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (6th Cir. 1996).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 29, 2008, by electronic and/or ordinary mail.

                                                                 s/Lisa Wagner
                                                                 Case Manager and Deputy Clerk
                                                                 (313) 234-5522